UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRANDON SMITH,<br><br>　　　　Defendant. | Case No. 3:16-CR-00008-RCJ<br>3:20-CV-00374-RCJ<br><br>**ORDER** |

Defendant moves this Court to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255, arguing that *Rehaif v. United States*, 139 S. Ct. 2191 (2019), retroactively rendered the indictment fatally defective and invalidated his guilty plea. Thorough review of the record demonstrates conclusively that Defendant is not entitled to relief. The Court therefore denies the motion, but the Court does issue a partial certificate of appealability as one of the claims is currently subject to a circuit split and the Ninth Circuit has yet to directly consider this issue.

**FACTUAL BACKGROUND**

Between 2005 and 2012, Defendant had amassed two felony convictions and numerous other misdemeanor convictions. Presentence Rep. ¶¶ 32–46. For one of these felony convictions, Defendant actually served a prison sentence greater than one year in length. *Id.* at ¶ 37. In 2016,

Defendant was indicted on one count: Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (ECF No. 1.) The factual basis of this count in the indictment states:

> On or about December 21, 2015, in the State and District of Nevada, BRANDON SMITH, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Second Judicial District Court of the State of Nevada in and for the County of Washoe; to wit: on or about May 21, 2009, of Larceny from a Person not Amounting to Robbery; did knowingly possess 6 rounds of Federal Cartridge Co. ammunition and 6 rounds of RUAG Ammotec/Dynamit Nobel ammunition, said possession being in and affecting commerce; in violation of Title 18, United States Code, Sections 922(g)(l) and 924(a)(2).

(*Id.*) In 2017, Defendant entered a plea agreement with the understanding that the Government only needed to prove: "First: The defendant knowingly possessed ammunition; Second: The ammunition had been shipped from one state to another; and, Third: At the time the defendant possessed the ammunition, the defendant had been previously convicted of a crime punishable by a term of imprisonment exceeding one year." (ECF No. 22.) This was the correct test under Ninth Circuit caselaw at that time. *See, e.g.¸ United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003). In 2019, however, the Supreme Court issued *Rehaif*, holding that the Government must also prove that a defendant knew he was a felon at the time of possession for such a conviction. 139 S. Ct. at 2200.[1]

## LEGAL STANDARD

A prisoner in custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence" where the sentence is unconstitutional or unlawful, the court lacked "jurisdiction to impose such sentence," "the sentence was in excess of the maximum authorized

---

[1] Defendant claims that *Rehaif* mandates that the Government must also prove both that a defendant knew that his felon status prohibited him from possessing ammunition. This is error. Following *Rehaif*, the entirety of the Government's burden for a conviction under § 922(g)(1) is to prove "(1) the defendant was a felon; (2) the defendant knew he was a felon; (3) the defendant knowingly possessed a firearm or ammunition; and (4) the firearm or ammunition was in or affecting interstate commerce." *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020).

by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This remedy is available only where the error is jurisdictional, constitutional, contains "a fundamental defect which inherently results in a complete miscarriage of justice," or includes "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). A petitioner must prove, by a preponderance of the evidence, any grounds for vacating or modifying a sentence. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938).

A court should deny the petition without an evidentiary hearing if the record "conclusively show[s] that the prisoner is entitled to no relief." § 2255(b); *accord Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989). Otherwise, a court should serve notice upon the government and grant a hearing to make the necessary findings of fact and conclusions of law to rule on the petition. § 2255(b).

Upon denial, a court should determine whether to issue a certificate of appealability. Rules Governing § 2255 Proceedings 11(a). A certificate is appropriate when the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, the petitioner must show that "reasonable jurists could debate whether . . . the petition should [be] resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## ANALYSIS

Defendant argues that the failure of the indictment to include an allegation that Defendant knew he was in the class of persons covered by § 922(g)(1) deprives the Court of jurisdiction and renders his conviction unconstitutional. Specifically, he claims the criminal prosecution based on the defective indictment violated his Fifth Amendment right not to be tried absent a valid indictment from a grand jury and his Sixth Amendment rights to notice and effective assistance of

counsel. Defendant further argues that his plea was unknowing and involuntary. Finding that it has jurisdiction, that Defendant's challenge to his plea is procedurally defaulted, and that Defendant's guilty plea waived the remaining challenges, the Court denies the motion.

## I.     The Court has Subject-Matter Jurisdiction

Defendant's first argument is that the defect in the indictment deprived this Court of jurisdiction over his case. Although he is correct that the indictment in this case is defective, this defect does not affect jurisdiction. Framing the issue in such a way is not without consequence because, if true, Defendant did not waive it—he could not have. *See, e.g.*, *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (analyzing subject-matter jurisdiction of a criminal case despite procedural default). Defendant notes that district courts have jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, and argues that, since the indictment fails to state an offense, this Court lacks jurisdiction. While prior Ninth Circuit cases have held that a failure to state a claim in an indictment is a jurisdictional issue, *see, e.g.*, *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989) (citing *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir. 1979)), the Supreme Court has overruled these cases in *United States v. Cotton*, 535 U.S. 625 (2002). *See United States v. Salazar-Lopez*, 506 F.3d 748, 754 n.5 (9th Cir. 2007) (recognizing that *Cotton* overruled the circuit's prior precedent).

In *Cotton*, the superseding indictment "did not allege any of the threshold levels of drug quantity that lead to enhanced penalties under [21 U.S.C.] § 841(b)," which defendants did not object to before trial. *Cotton*, 535 U.S. at 628. During the pendency of their appeal to the Fourth Circuit, the Supreme Court held, in an unrelated case that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New*

1 *Jersey*, 530 U.S. 466, 490 (2000). The Fourth Circuit therefore found this omission from the indictment to deprive the court of subject-matter jurisdiction and vacated the sentences. *United States v. Cotton*, 261 F.3d 397, 407 (4th Cir. 2001). The Court found jurisdiction and reversed, noting that it "some time ago departed from [the] view that indictment defects are 'jurisdictional.'" *Cotton*, 535 U.S. at 631; *see Lamar v. United States*, 240 U.S. 60, 65 (1916) ("The objection that the indictment does not charge a crime against the United States goes only to the merits of the case."); *United States v. Williams*, 341 U.S. 58, 66 (1951) ("[T]hat the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.").

Attempting to distinguish *Cotton*, Defendant advocates for a narrow reading of the opinion. Defendant claims that since the omitted facts in the indictment went toward sentencing, the indictment, while defective, still stated a federal crime and, for that reason, the Supreme Court still had jurisdiction in the case. On the other hand, the indictment in the instant case, Defendant argues, omitted a fact that went to an element of the underlying crime. In making this argument, however, Defendant contravenes the text of the opinion and lower courts' ubiquitous interpretation of it.

First, the Supreme Court failed to provide for the caveat that Defendant propounds. It, rather, spoke broadly, stating, "[D]efects in an indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630. Second, lower courts have rejected Defendant's reading of *Cotton*. For example, the Ninth Circuit held that the failure to include the mens rea element of a crime—as Defendant claims here—does not deprive a court of jurisdiction. *United States v. Velasco-Medina*, 305 F.3d 839, 845–46 (9th Cir. 2002) (*overruled on other grounds as recognized in United States v. Aguila-Montes de Oca*, 655 F.3d 915, 923 (9th Cir. 2011)). It stated that the defendant's argument to the contrary was "untenable in light of [*Cotton*]." *Id.*

To support his contention, Defendant points to a case from the Eleventh Circuit, *United States v. Izurieta*, 710 F.3d 1176 (11th Cir. 2013). In that case, the court held that there was no

subject-matter jurisdiction when the indictment alleged that the defendant violated a regulation that only carried civil penalties and not a criminal statute. *Id.* at 1179. The Eleventh Circuit, however, later distinguished *Izurieta* on that ground and stated, "The district court's power over [a criminal] case did not vanish simply because the indictment omitted one element of the charged offense." *United States v. Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014).

Indeed, at least three circuits—including the Eleventh Circuit—and this District have squarely addressed Defendant's argument and rejected it. *See, e.g.*, *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020); *United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019); *United States v. Dillard*, No. 2:09-CR-00057-JAD-GWF, 2020 WL 2199614, at *4 (D. Nev. May 6, 2020). This Court likewise finds that the defect is not a jurisdictional issue.

## II. *The Claim that the Plea was Unknowing and Involuntary is Procedurally Defaulted*

Defendant claims that his plea was unknowing and involuntary because he was not informed by either his trial counsel or the Court of the *Rehaif* knowledge-of-status element. This claim cannot serve as a basis for relief however because it is procedurally defaulted.

When a defendant fails to challenge an issue on direct appeal, that issue is procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998). A procedurally defaulted claim can only be considered on a § 2255 motion where a defendant can establish either cause and actual prejudice or actual innocence. *Id.* at 622. A defendant establishes cause by demonstrating that his claim "is so novel that its legal basis [was] not reasonably available to counsel." *Id.* (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984). "In the context of a guilty plea, prejudice requires that petitioner demonstrate 'a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fesolai*, No. 2:17-CR-74 JCM (NJK), 2020 WL 3035346, at *3 (D. Nev. June 5, 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Defendant does not claim to be actually innocent but claims that he has established cause and prejudice. But Defendant has only established cause. At the time that Defendant pleaded guilty, most circuits, including the Ninth Circuit, had published opinions, stating that the Government was not required to prove that a defendant knew that he was a felon for a conviction of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *See, e.g.*, *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003). For this reason, the Court finds cause. *See United States v. Johnson*, 457 U.S. 537, 551 (1982) (holding that cause exists where a decision "overturns a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.")

The Court however does not find prejudice. Here, the Government could easily prove that Defendant knew that he was previously convicted of a crime punishable by more than one year. On an occasion prior to the offensive conduct, Defendant actually served a sentence of greater than one year. Presentence Rep. ¶ 37. Defendant cannot therefore establish with reasonable probability that he would have insisted on going to trial had he been informed that the Government had to prove that he knew that he was felon at the time in question. This is the same conclusion reached by the majority of the courts to consider this issue. *See United States v. Lowe*, No. 2:14-CR-00004-JAD-VCF, 2020 WL 2200852, at *1 n.15 (D. Nev. May 6, 2020) (collecting cases).

Defendant however claims that he need not prove that he was prejudiced because the failure of the plea agreement to include all of the elements of the crime is a "structural error." Such an error, is defined as a "defect [that] affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Neder v. United States*, 527 U.S. 1, 8 (1999) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)). These errors occur only in a "very limited class of cases," *Johnson v. United States*, 520 U.S. 461, 468 (1997), but where such an error is present, prejudice is presumed, *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1915 (2017). In

*Weaver*, the Court pointed to three types of rationales that could render an error structural: First, where "the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest." *Id.* at 1908. Second, where "the effects of the error are simply too hard to measure." *Id.* Third, where "the error always results in fundamental unfairness." *Id.*

Currently, the Ninth Circuit has not considered this issue, and the circuits that have are split. The Fifth, Sixth, Seventh, Eighth, and Tenth Circuits have found that this error is not structural disagreeing with the Fourth.[2] *United States v. Watson*, No. 19-3658, 2020 WL 4037923, at *3 (6th Cir. July 17, 2020); *United States v. Coleman,* 961 F.3d 1024, 1028–30 (8th Cir. 2020); *United States v. Maez*, 960 F.3d 949, 957–58 (7th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1205 (10th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187–88 (5th Cir. 2020); *United States v. Gary*, 954 F.3d 194, 205–06 (4th Cir. 2020). This Court agrees with the vast majority of the caselaw and finds that this error is not structural.

The Court turns to the first rationale, whether the right was designed to protect some other interest and not erroneous convictions. Such structural errors occur, where a court or counsel infringe upon a defendant's autonomy in choosing how to proceed; for example, where a defendant insists on a particular defense, but defendant's counsel fails to utilize that defense. *McCoy v. Louisiana*, 138 S. Ct. 1500, 1506–07 (2018).

The Fourth Circuit found that the failure to inform a defendant of the knowledge-of-status element under *Rehaif* deprives a defendant of the right to choose whether he wants to plead guilty. This is error. Unlike the problem in *McCoy*, Defendant's autonomy was not infringed upon. *See Trujillo*, 960 F.3d at 1206. Defendant chose to plead guilty in this case, and in the related context

---

[2] The Fourth Circuit unanimously declined to rehear this issue en banc. Five judges, however, only did so in hopes that the issue would more quickly be addressed by the Supreme Court, stating, "The panel's holding is so incorrect and on an issue of such importance that I think the Supreme Court should consider it promptly." *United States v. Gary*, No. 18-4578, 2020 WL 3767152, at *1 (4th Cir. July 7, 2020) (Wilkinson, J., concurring).

of Fed. R. Crim. P. 11 violations, the Supreme Court held that a court can look at the record to determine whether a defendant would have pleaded guilty but for violations in a trial court's canvassing of a defendant before accepting his guilty plea, *United States v. Dominguez-Benitez*, 542 U.S. 74, 76 (2004); *United States v. Vonn*, 535 U.S. 55, 58–59 (2002). While Rule 11 violations are non-constitutional, the Court has repeatedly warned that an error is not structural merely because it is constitutional. *See, e.g.*, *Weaver*, 137 S. Ct. at 1907.

This Court likewise finds that Defendant has failed to invoke the second rationale. In *Gary*, the Fourth Circuit relied on the satisfaction of the first rationale to determine that the second was also satisfied. 954 F.3d at 206 ("Gary's autonomy interest under the Fifth Amendment due process clause has consequences that 'are necessarily unquantifiable and indeterminate,' rendering the impact of the district court's error simply too difficult to measure." (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006)). As this Court finds that the first rationale is not relevant in this case, this argument is unpersuasive.

Contrary to the Fourth Circuit's opinion, prejudice is measurable in these cases and will near invariably be unprejudicial. *See Rehaif*, 139 S. Ct. at 2209 ("Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants."); *Lavalais*, 960 F.3d at 188 ("If the effects of *Rehaif* error are too hard to measure, it's because it's almost always harmless—because convicted felons typically know they're convicted felons."). The Court again finds *Dominguez-Benitez*, 542 U.S. at 76 and *Vonn*, 535 U.S. at 58–59, helpful for this rationale as well; if prejudice could be determined in cases where a court fails to adequately canvas a defendant before accepting a guilty plea, then a court can likewise conduct such analysis for failing to inform a defendant of an element of the crime.

///

Lastly, Defendant has not shown that the error here is fundamentally unfair. This rationale applies where "the resulting trial is *always* a fundamentally unfair one." *Weaver*, 137 S. Ct. at 1908 (emphasis added). For example, errors are fundamentally unfair where "an indigent defendant is denied an attorney" or "the judge fails to give a reasonable-doubt instruction." *Id.* With *Rehaif* cases, however, this not the issue as it can be shown in the vast majority of these cases that this element would have been easily proven by the Government and therefore would not have factored in a defendant's calculus of whether he wanted to plead guilty.

In sum, the Court finds that none of the three rationales apply in this case. Turning to analogous cases from the Supreme Court and the Ninth Circuit confirms this determination. In *Neder*, the Supreme Court determined that the omission of an element in jury instructions was not structural. 527 U.S. at 8. Also, while the Ninth Circuit has not analyzed whether this particular issue is structural, the circuit did analyze whether a defendant was prejudiced by a court failing to instruct a jury of the *Rehaif* element at trial. *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). The circuit found that there was "no probability that, but for the error, the outcome of the proceeding would have been different" because the defendant actually did serve a prison sentence of greater than one year. *Id.* at 1189. The Court therefore concludes that Defendant has failed to show the error in this case is structural and fails to demonstrate actual prejudice to overcome his procedural default for his claim that the plea is retroactively invalid.

### III.     *The Remaining Claims are Barred by Defendant's Guilty Plea*

This Court lastly turns to Defendant's remaining claims that the defects in the indictment violated his Fifth and Sixth Amendment rights. The Court finds that these claims are barred by Defendant's guilty plea.

In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Supreme Court addressed whether it could consider a challenge to a grand jury proceeding for the first time through a habeas challenge

after the defendant pleaded guilty. The Court held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.* at 267. A defendant therefore may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of [a] guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel [was constitutionally inadequate]." *Id.*

Despite the broad language of this rule, the Court has recognized an exception to it: a claim may be brought where it "implicates 'the very power of the State' to prosecute the defendant." *Class v. United States*, 138 S. Ct. 798, 803 (2018) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)). This exception is narrow and only applies where "the government cannot prosecute the defendant *at all*." *United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020); *see, e.g.*, *Menna v. New York*, 423 U.S. 61, 62 (1975) (double jeopardy); *Blackledge*, 417 U.S. at 30–31 (vindictive prosecution); *Class*, 138 S. Ct. at 801–02 (constitutionality of the criminal statute). In such instances, the Court distinguished *Tollett* on the basis that these antecedent violations could not "have been 'cured' through a new indictment." *Class*, 138 S. Ct. at 805 (quoting *Blackledge*, 417 U.S. at 30).

This rule applies even if the alleged defect in the indictment is structural. Although *Tollett* did not explicitly discuss whether the underlying constitutional defect—the charge that the government had systematically excluded racial minorities from the grand jury—was structural, such discrimination was a well-established structural defect by the time *Tollet* was decided. *See id.* at 261–62 (collecting cases for this proposition dating back to 1881).

Defendant's remaining arguments—that the defect in the indictment infringed on his right to be free from prosecution absent a valid grand jury indictment and his rights to adequate counsel and notice—could have been remedied by a new indictment. Although this reasoning has not been directly addressed by the Ninth Circuit, two other circuits have held that the *Tollett* rule bars habeas

relief based on defects in the indictment because of *Rehaif*. *Lavalais*, 960 F.3d at 186 ("To the extent [the defendant] argues his indictment is fatally defective because it did not contain an element of the offense under § 922(g), he failed to preserve that claim by pleading guilty." (citing *Class*, 138 S. Ct. at 804–05)); *United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020) ("[A] guilty plea waive[s the] right to assert that the indictment fail[s] to state an offense."). Defendant's guilty plea therefore bars these claims.

### IV.   *Certificate of Appealability*

As the Court denies the petition, it must determine whether to issue a certificate of appealability. Since the circuits are currently split over whether a defendant's guilty plea based on an incomplete list of elements, the Court issues a certificate of appealability on this issue as reasonable jurists are currently debating this claim. *See Slack*, 529 U.S. at 484. As discussed above, however, binding precedent clearly forecloses the remaining claims raised in this petition, so the Court does not issue a certificate as to these remaining claims.

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 70) is DENIED.

IT IS FURTHER ORDERED that a partial certificate of appealability shall issue on whether it was a structural error for the Court to accept Defendant's guilty plea without informing him of the *Rehaif* knowledge-of-status element.

IT IS FURTHER ORDERED that the Clerk shall ENTER a separate and final judgment under Federal Rule of Civil Procedure 58(a) as directed by *Kingsbury v. United States*, 900 F.3d 1147 (9th Cir. 2018).

IT IS SO ORDERED.

Dated February 24, 2021.

_____
ROBERT C. JONES
United States District Judge